| T CALOGERO, C.J.,
would grant reconsideration for reasons assigned:
Normally, this Court’s rule that an application for reconsideration from a writ denial will not be considered would have application in a case such as this. Supreme Rule IX, § 6. However, I think that such rule should not be made applicable in the unusual circumstances here. The Court of Appeal opinion from which we denied writs 5-2 (Calogero and Johnson dissenting), inappropriately I think, denied a writ application on a trial court judgment dismissing the plaintiffs’ asbestos-related claims on the basis of “asbestos exclusions” in the defendants’ policies, while remanding for a hearing on the plaintiffs’ contentions that the defendants had no right to file pleadings pursuant to La.Rev. Stat. 22:1255. The plaintiffs’ contentions to this effect had been raised in response to the very pleading that had later prompted the trial court’s grant of the summary judgment, followed by the appellate court’s denial of writs on that ruling. The reason for both rulings was that the asbestos exclusion in the insurance policy was applicable. The consequence of all of this is the irreconcilable reality that the court of appeal eventually agreed with the plaintiffs’ contentions that the defendant insurers had no right to file pleadings (writ application | ^number 03-C-484), despite the fact that the appellate court had already denied review of a judgment granting a summary *357 judgment filed by these defendants who it was later determined had no right to file pleadings.
This court this very day in writ number 03-CC-0787 is denying a defense application protesting that ruling of the court of appeal, thereby agreeing that these defendants had no right to file the motion for summary judgment that resulted in the dismissal of the plaintiffs’ asbestos-related claims. Simultaneously, this court is denying today reconsideration of the plaintiffs’ writ challenging the granting of the improperly filed motion for summary judgment. As a result, the plaintiffs have won a Pyrrhic victory, barring the defendants from filing papers, but losing their challenge to rulings flowing from the improperly-filed papers. Under these extraordinary circumstances, with the defendants still in the case below and now required in the lawsuit to post a bond, the courts find themselves in the untenable position of having finalized a result flowing from an improperly-filed pleading. Moreover, the court’s rote application of the rule denying consideration of an application for reconsideration of a simple writ denial denies the plaintiff an opportunity to defend against a similar motion for summary judgment which might be properly filed by the defendants following the posting of bond. Unfortunately, the plaintiffs have won a battle, but lost the war.
Accordingly, I would grant the plaintiffs’ application for reconsideration in number 03-CC-0187 and reverse the pro-defense granting of summary judgment. By denying the writ application in number 03-CC-0787, this court today has sanctioned the court of appeal’s order remanding the case in order to allow the defendant to qualify for the right to file pleadings by setting and filing the bond. With that being the premise, I would, after reversing the granting of summary judgment in writ | ¡^application number 08-CC-0187, and remand the case to the district court for trial on all issues, including the applicability of the asbestos exclusion in the policies issued by the defendants, if the trial judge, in the matter regarding number 03-CC-0787, allows the filing of pleadings after setting the filing of bond.
My objective as recited above is to allow all issues in this case to be resolved in a sensible manner. The conflicting results reached by the majority of this court in the two consolidated writ applications are nonsensical under the circumstances of this case.